UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT McCULLOCK, CDCR #V-32812,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWN; FABRICE HADJADJ; J. DAVIES; P. COVELLO,<br><br>Defendants. | Case No.: 3:18-cv-00548-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

Robert McCullock, proceeding pro se and incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Before the Court could conduct the required sua sponte screening, McCullock filed a First Amended Complaint (ECF No. 4) (the "FAC") which is now the operative pleading.

McCullock claims RJD officials violated his right to free exercise of his Buddhist faith under the First Amendment, imposed a substantial burden on the exercise of that faith in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and denied him equal protection of the law under the Fourteenth Amendment "from 2016 through 2018." *Id.* at 22–34.

McCullock did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 5.

## I. Motion to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed *IFP* remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016), regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed *IFP* to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits into the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016)). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his *IFP* Motion, McCullock has submitted a copy of his CDCR Inmate Statement Report as well as a Prison Certificate completed by an accounting officer at RJD. *See* ECF No. 6 at 1–3. These statements show that McCullock has carried no average monthly balance, has had no monthly deposits to his account over the six-month period immediately preceding the filing of his Complaint, and had no available balance on the books at the time of filing. *See* ECF No. 6 at 1. Based on this accounting, no initial partial filing fee is assessed. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

Therefore, the Court grants McCullock's Motion to Proceed *IFP* (ECF No. 5), declines to exact any initial filing fee, and directs the Secretary of the CDCR, or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II. Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)**

Because McCullock is a prisoner and is proceeding *IFP*, his pleading requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's *IFP* complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rule of Civil Procedure ("Rule") 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

The Court finds that the FAC contains "sufficient factual matter, accepted as true," to allege First Amendment free exercise, RLUIPA, and Fourteenth Amendment equal protection claims for relief that are "plausible on [their] face," and therefore, sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[2] *Id; see Walker v. Beard*, 789 F.3d 1125, 1134, 1138 (9th Cir. 2015) (discussing pleading standards for prisoner's free exercise and equal protection claims under the First and Fourteenth Amendments and RLUIPA).

Therefore, the Court will order the U.S. Marshal to effect service upon Defendants on McCullock's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

---

[2] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

serve all process, and perform all duties in [*IFP*] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III. Conclusion and Orders**

For the reasons discussed, the Court:

1) GRANTS McCullock's Motion to Proceed *IFP* (ECF No. 5);

2) DIRECTS the Secretary of the CDCR, or his designee, to collect from McCullock's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3) DIRECTS the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001;

4) DIRECTS the Clerk to issue a summons as to the FAC and forward it to McCullock along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk shall provide McCullock with a certified copy of this Order, a certified copy of the FAC, and the summons so that he may serve Defendants. Upon receipt of this "IFP Package," McCullock must complete each Form 285 as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package;

5) ORDERS the U.S. Marshal to serve a copy of the FAC and summons upon Defendants as directed by McCullock on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3);

6) ORDERS Defendants, once served, to reply to the FAC within the time

provided by the applicable provisions of Rule 12(a).  *See* 42 U.S.C. § 1997e(g)(2) (While a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), defendant is required to respond.); and

7) ORDERS McCullock, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Rule 5(b).  McCullock must include with every original document the he seeks to file with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document has been served on Defendants or their counsel, and the date of that service.  *See* S.D. CAL. CIVLR 5.2.  Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon Defendants, may be disregarded.

IT IS SO ORDERED.

Dated: July 12, 2018

*[signature: William Q. Hayes]*
Hon. William Q. Hayes
United States District Court

6

3:18-cv-00548-WQH-JLB