UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY HARMON,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT BROWN; et al.,<br><br>                     Defendants. | Case No. 18-cv-1030-WQH-JLB<br><br>**ORDER** |
| ANDREW A. CEJAS,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT BROWN; et al.,<br><br>                     Defendants. | Case No. 18-cv-543-WQH-JLB |
| ROBERT MCCULLOCK,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT BROWN; et al.,<br><br>                     Defendants. | Case No. 18-cv-548-WQH-JLB |
| JAMES AUSTIN,<br><br>                      Plaintiff,<br><br>vs.<br><br>ROBERT BROWN; et al.,<br><br>                     Defendants. | Case No. 18-cv-600-WQH-JLB |

HAYES, Judge:

Before the Court are the Motions for Permissive Joinder filed by Plaintiff Andrew A. Cejas (ECF No. 15) in *Cejas v. Brown*, 18-cv-543-WHQ-JLB; Plaintiff Robert McCullock (ECF No. 17) in *McCullock v. Brown*, 18-cv-548-WQH-JLB; Plaintiff James Austin (ECF No. 7) in *Austin v. Brown*, 18-cv-600-WQH-JLB; Plaintiff Zachary Harmon (ECF No. 8) in *Harmon v. Brown*, 18-cv-1030-WQH-JLB.

I. **Background**

In March and May 2018, Plaintiffs, currently incarcerated at Richard J. Donovan Correctional Facility (RJD) and appearing pro se, each filed a complaint alleging RJD has failed to provide weekly Buddhist services in violation of the Free Exercise Clause, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act. On August 14, 2018, Plaintiffs filed identical Motions for Permissive Joinder. On October 24, 2018, Defendants Robert Brown, Fabrice Hadjadj, J. Davies, P. Covello, L. Eshelman, and D. Paramo filed Opposition (ECF No. 21) in *Harmon v. Brown*, 18-cv-1030-WQH-JLB. Plaintiffs did not file a reply.

II. **Contentions of the Parties**

Plaintiffs contend that their claims "arise out of the same series of transactions and/or occurrences" the "same Constitutional [v]iolations" and "arise common questions of law and fact in each case[.]" (ECF No. 8[1] at 1). Plaintiffs assert that joinder[2] of all Plaintiffs "is based on the principles of fundamental fairness to all parties" and "would provide the Court[] judicial economy, same witnesses, and same document proof of claims." *Id.*

Defendants contend that joinder of the four cases should be denied because "(1) the facts of each Plaintiffs' claim requires an individualized analysis to determine if his

---

[1] All record citations are to *Harmon v. Brown*, 18-cv-1030-WQH-JLB, unless otherwise noted.

[2] Plaintiffs cite both Federal Rules of Civil Procedure 19 and 20(a). However, Plaintiffs have made no showing that any Plaintiffs are "required parties" pursuant to Rule 19. The Court analyzes Plaintiffs' claims under Rule 20.

2

practice of Buddhism was burdened and whether he exhausted his administrative remedies; (2) Plaintiffs' status as pro se inmates makes joinder impractical because they could be relocated or paroled during the pendency of the litigation; (3) each matter has a significantly different procedural posture; and (4) the matters have already been deemed related and assigned to the same judge, thereby alleviating any concerns regarding consistency in rulings, and conserving judicial resources." (ECF No. 21 at 2).

### III. Legal Standard

Under Federal Rule of Civil Procedure 20(a)(1), persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20.

Even if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) ("Even once [Rule 20] requirements are met, a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."); *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) ("Rule 20 . . . is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes . . . .").

### IV. Ruling of the Court

An action brought by multiple incarcerated plaintiffs proceeding pro se presents procedural and logistical problems that can cause delay and confusion. Plaintiffs in a joined action must not only agree on the content of filings—they must also be able to obtain original signatures from all other plaintiffs on filings as well. Pro se plaintiffs are not permitted to authorize one individual to sign documents for them. Delay can arise from the transfer of inmates to other facilities or institutions, the changes in address that occur

when inmates are released on parole, and the difficulties faced by inmates who attempt to communicate with other plaintiffs who have been released. *See, e.g.*, *Lewis v. Nevada*, 2014 WL 65799, at *3 (D. Nev. Jan. 7, 2014) ("Following upon plaintiff['s] . . . release from physical custody, it will be exceedingly difficult for plaintiffs to efficiently file further multi-plaintiff papers in a joined action. Plaintiffs are not in a position to efficiently and effectively confer with one another, review proposed papers, and then each sign papers for filing within deadlines established in the case."); *Davis v. United States*, 2007 WL 2225791 (E.D. Cal. July 31, 2007) (same).

In this case, Plaintiffs are currently housed in facility D at the RJD, where they can "easily collaborate, obtain signatures, and otherwise manage their cases jointly." (ECF No. 21 at 7). However, Plaintiffs would likely face substantial difficulty and delay collaborating on the content of filings and obtaining the requisite signatures in the event one is transferred to another facility or released during the pendency of this litigation.[3]

In the interests of preserving judicial resources, efficiency, and the prevention of inconsistent rulings, pursuant to Local Rule 40.1, this Court has deemed the cases at issue here "related" and assigned them all to the same District Judge and Magistrate Judge. The Court finds that based on the facts of these cases, joinder of all Plaintiffs into a single action would be more likely to cause confusion and delay than to "expedite the final determination

---

[3] The Court grants Defendants' request for judicial notice of the CDCR inmate locator website for the entry of Zachary Harmon, inmate number AX3071. (ECF No. 21 at 2 n.2). The California Department of Corrections inmate locator states that as of the date of this Order, Plaintiff Harmon is eligible for parole in August of 2019.

of [the] disputes[.]"[4] *See League to Save Lake Tahoe*, 558 F.2d at 917. Plaintiffs' Motions for Permissive Joinder are denied.[5]

IT IS HEREBY ORDERED that Plaintiffs' Motions for Permissive Joinder (ECF No. 15) in *Cejas v. Brown*, 18-cv-543-WQH-JLB; (ECF No. 17) in *McCullock v. Brown*, 18-cv-548-WQH-JLB; (ECF No. 7) in *Austin v. Brown*, 18-cv-600-WQH-JLB; (ECF No. 8) in *Harmon v. Brown*, 18-cv-1030-WQH-JLB are DENIED.

Dated: November 29, 2018

Hon. William Q. Hayes
United States District Court

---

[4] Contributing to the potential for confusion is the fact that these four cases are not of identical procedural posture. Some cases present unique issues not common to all Plaintiffs. For example, in a Motion to Dismiss filed by Defendants (ECF No. 20) currently pending in *Cejas v. Brown*, 18-cv-543-WQH-JLB, Defendants contend that Plaintiff Cejas brought and settled the same claim in 2015, and thus his current action is barred under the principle of res judicata.

[5] Plaintiffs' Motion requests permissive joinder under Rules 19 and 20(a), however the relief they seek—a single action that includes all Plaintiffs—is also consistent with a motion for consolidation under Federal Rule of Civil Procedure 42(a)(2). The Court notes that under a Rule 42(a) analysis "[t]he district court has broad discretion under this rule to consolidate cases pending in the same district" *Investors Research Co. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir.1989), and "[i]n determining whether to consolidate actions, the Court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Southwest Marine, Inc., v. Triple A. Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989). Even liberally construing Plaintiffs' Motion as a motion for consolidation under Rule 42(a), the Court finds that the potential for confusion and delay outweighs any convenience that would be achieved through consolidation.