UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert McCullock,<br><br>          Plaintiff,<br><br>v.<br><br>Robert Brown, et al.,<br><br>          Defendants. | Case No.: 18-cv-00548-WQH-JLB<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>**[ECF No. 27]** |

Before the Court is Plaintiff Robert McCullock's motion to strike Defendants' four affirmative defenses. (ECF No. 27.) The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the Local Rules of Practice for the United States District Court for the Southern District of California. After a review of Plaintiff's motion, Defendants' opposition, and all supporting papers, and for the reasons discussed below, the Court **RECOMMENDS** that Plaintiff's motion to strike (ECF No. 27) be **DENIED**.

///

///

1

## I. BACKGROUND

Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, initiated the present suit by filing an amended complaint on April 28, 2018. (ECF No. 4.) Plaintiff alleges that Defendants violated his First Amendment and Fourteenth Amendment rights and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by failing to continuously provide him with weekly Buddhist services. (*See id.*) On September 18, 2018, Defendants filed an answer to Plaintiff's amended complaint, which includes four affirmative defenses. (ECF No. 24 at 6–7.) On October 19, 2018, Plaintiff filed a motion to strike each of Defendants' four affirmative defenses. (ECF No. 27.) Defendants oppose Plaintiff's motion to strike. (ECF No. 29.)

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(f), a court may strike an insufficient affirmative defense from the pleadings. An affirmative defense is insufficient if it fails to provide the plaintiff with fair notice of the defense. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) ("The key to determining the sufficiency of pleading an affirmative defense is whether it gives [the] plaintiff fair notice of the defense." (quoting *Wyshak*, 607 F.2d at 827)). "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense . . . and articulate the affirmative defense clearly enough that the plaintiff is 'not a victim of unfair surprise.'" *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013) (citations omitted) (quoting *Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.*, No. 07-CV-634-IEG (LSP), 2007 WL 2070355, at *2 (S.D. Cal. July 12, 2007)). Fair notice, however, does not require "a detailed statement of facts." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013); *see also Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("[T]he 'fair notice' required by the pleading standards only requires describing the

[affirmative] defense in 'general terms.'"). As such, an order striking an affirmative defense is a "drastic remedy that should be exercised only when the affirmative defense fails to provide adequate notice." *Smith v. Cobb*, No. 15-cv-00176-GPC, 2017 WL 3887420, at *5 (S.D. Cal. Sept. 5, 2017) (citing *Freeman v. ABC Legal Servs., Inc.*, 877 F. Supp. 2d 919, 923 (N.D. Cal. 2012)).

## B. Analysis

In his motion, Plaintiff asserts two primary reasons for why the Court should strike Defendants' four affirmative defenses. First, Plaintiff contends that Defendants' four affirmative defenses "are not actually affirmative defenses." (ECF No. 27 at 8.) Second, Plaintiff asserts that Defendants' four affirmative defenses do not have "sufficient facts." (*Id.*) Defendants in response argue that Plaintiff's "entire [m]otion is nothing more than a rebuttal of Defendants' [a]nswer," and that "Plaintiff's mere disagreement with Defendants' [a]nswer, including the affirmative defenses posed, does not entitle Plaintiff to strike those responses which he disputes." (ECF No. 29 at 2–3.) For the reasons discussed below, the Court agrees with Defendants and finds that Defendants' four affirmative defenses should not be stricken.

### 1. Failure to Exhaust Administrative Remedies

Defendants' first affirmative defense reads: "To the extent [P]laintiff has failed to exhaust available administrative remedies through the third level as it relates to Defendants and claims in question, his claims are barred by 42 U.S.C. § 1997e(a)." (ECF No. 24 at 6.) In his motion, Plaintiff argues that he has "exhausted available administrative remedies through the third level as it relates to Defendants and claims in question." (ECF No. 27 at 7.)

Failure to exhaust administrative remedies is a proper affirmative defense to a claim brought by an inmate plaintiff. *Albino v. Baca*, 747 F.2d 1162, 1166 (9th Cir. 2014) (en banc). Here, Defendants have articulated the defense clearly, and as such, have provided Plaintiff with sufficient notice that Defendants may argue that he failed to exhaust available

administrative remedies before initiating this action, as required by 42 U.S.C. § 1997e(a).[1] Additionally, Plaintiff's allegation that he has exhausted all available remedies, even if ultimately found to be true, is not a ground on which the defense should be stricken. *See Smith*, 2017 WL 3887420, at *5 ("Courts do not strike affirmative defenses simply because they will fail. The decision to strike is a question of notice to Plaintiff, not the likelihood of success on the merits."). Therefore, the Court finds that Defendants' affirmative defense of Plaintiff's failure to exhaust administrative remedies should not be stricken.

### 2. Qualified Immunity

Defendants' second affirmative defense reads:

> Defendants are entitled to qualified immunity. Defendants did not violate any clearly established constitutional right of Plaintiff because they did not substantially burden Plaintiff's practice of religion, let alone do so intentionally. Plaintiff has pled that he was not satisfied with the access to the religious services that he did receive, not that he was deprived of those services entirely.

(ECF No. 24 at 6–7.) In his motion, Plaintiff argues that Defendants are not entitled to qualified immunity because they violated his First Amendment rights. (*See* ECF No. 27 at 7.)

Qualified immunity is a proper affirmative defense. *See Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010) ("Qualified immunity is an affirmative defense that must be pleaded in the answer."). Additionally, "because qualified immunity is a well-known defense, pleading the defense alone puts [a] [p]laintiff on notice." *Smith*, 2017 WL 3887420, at *5. Here, although Defendants' statements in support of their qualified immunity defense are somewhat conclusory, the Court finds that Plaintiff has been provided with fair notice of Defendants' planned qualified immunity argument. *See, e.g.*,

---

[1] No action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. § 1997e(a).

*Vogel v. Linden Optometry APC*, No. CV 13–00295 GAF (SHx), 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013) (denying the plaintiff's motion to strike despite finding that the defendants' pleading of four well-known affirmative defenses was conclusory in nature). Additionally, as previously stated, whether Defendants' affirmative defense will succeed—*i.e.* whether Defendants are entitled to qualified immunity—is not presently before the Court and is not a basis for striking the affirmative defense. *See Smith*, 2017 WL 3887420, at *6 (noting that motions to strike "are granted only when an affirmative defense fails to provide notice" and are not based upon a likelihood of success on the merits). Therefore, the Court finds that Defendants' affirmative defense of qualified immunity should not be stricken.

### 3. Contributory Conduct

Defendants' third affirmative defense reads:

> Plaintiff's own conduct has contributed to his damages, if any. Plaintiff is known to refuse to exit his cell. To the extent his injury is a result of his refusal to exit his cell in order to attend religious services, Plaintiff himself would be responsible.

(ECF No. 24 at 7.) In his motion, Plaintiff argues that "[he] is not known to refuse to exit his cell," and that whether he can exit his cell "is in Defendant[s'] control at all times." (ECF No. 27 at 7.)

Here, Defendants allege a specific fact on which they base this affirmative defense: Plaintiff's refusal to exit his cell. *Cf. Devermont v. City of San Diego*, 2013 WL 2898342, at *6 (S.D. Cal. June 14, 2013) ("A bare assertion of negligence or contributory fault without 'any indication of the conduct supporting the defense' does not pass muster, even under the fair notice standard." (quoting *Roe*, 289 F.R.D. at 612)). Defendants' allegation that Plaintiff himself may have contributed to his alleged injuries by refusing to leave his cell, presumably to attend religious services, fairly provides Plaintiff with notice of Defendants' planned arguments of contributory conduct. And again, although Plaintiff denies that "he is known to refuse to exit his cell," the merit of Defendants' affirmative defense is not a ground on which the defense should be stricken. *See Smith*, 2017 WL

3887420, at *5–6. Therefore, the Court finds that Defendants' affirmative defense of Plaintiff's contributory conduct should not be stricken.

### 4. Statute of Limitations

Defendants' fourth and last affirmative defense reads:

> Plaintiff's claim is barred by the applicable statute of limitations. Actions under 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. The statute of limitations for a § 1983 claim brought by a California inmate sentenced to less than a life term is four years. Plaintiff's claim accrued on the date when Plaintiff knew of the alleged injury that forms the basis of this action, which Plaintiff claims was in the year 2014. Here, Plaintiff's lawsuit was filed April 28, 2018. Accordingly, any claims regarding actions that took place before April 28, 2014, are time-barred.

(ECF No. 24 at 7 (citations omitted).) In his motion, Plaintiff argues that "[his] claim is not barred by the applicable statute of limitations . . . [because] there are ongoing violations of" his First Amendment rights. (ECF No 27 at 7.)

Federal Rule of Civil Procedure 8(c)(1) specifically lists statute of limitations as a valid affirmative defense. Here, Defendants have provided Plaintiff with the applicable limitations period for a § 1983 claim brought by a California inmate, as well as the alleged applicable limitations period for this case. Plaintiff therefore has been provided with sufficient notice that Defendants may argue that some of his claims, or parts thereof, that are based upon events that took place before April 28, 2014, are barred by a four-year statute of limitations. Whether any part of Plaintiff's claims is in fact barred by the statute of limitations is not before the court on a motion to strike. *See Smith*, 2017 WL 3887420, at *6 (emphasizing that the court's decision not to strike a statute of limitations affirmative defense "says nothing about whether [the defense] will succeed on the merits"). Therefore, the Court finds that Defendants' statute of limitations affirmative defense should not be stricken.

### C. Conclusion

In his motion, Plaintiff argues against each of Defendants' four affirmative defenses by simply contradicting Defendants' assertions in support of their defenses, but the

6

18-cv-00548-WQH-JLB

decision to strike an affirmative defense is a question of notice to the plaintiff, not the likelihood of success on the merits. *See Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). Defendants characterize Plaintiff's motion as "nothing more than a rebuttal of Defendants' [a]nswer," and the Court agrees. Accordingly, the Court finds that Plaintiff's motion to strike Defendants' four affirmative defenses should be denied.

## III. CONCLUSION

For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) accepting this Report and Recommendation; and (2) **DENYING** Plaintiff's motion to strike (ECF No. 27).

**IT IS ORDERED** that no later than **March 29, 2019**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **April 12, 2019**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: March 1, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge