UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert McCullock,<br><br>                      Plaintiff,<br><br>v.<br><br>Robert Brown, et al.,<br><br>                      Defendants. | Case No.: 18-cv-00548-WQH-JLB<br><br>**ORDER DENYING AS PREMATURE PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 38]** |

Before the Court is Plaintiff Robert McCullock's Motion to Compel. (ECF No. 38.) Plaintiff requests that the Court issue an order compelling Defendants "to produce for inspection and copying the documents requested on [January 18, 2019] in compliance with Federal Rule of Civil Procedure [] 26." (*Id.* at 1.) Although Plaintiff requests an order compelling Defendants to produce documents, it appears that Plaintiff is actually seeking responses to his second set of interrogatories ("Interrogatories"), for Plaintiff attached his Interrogatories to his motion. (*Id.* at 3–5.) Also attached to Plaintiff's motion is the Proof of Service by Mail corresponding to these Interrogatories, which is dated January 18, 2019. (*Id.* at 2.)

On March 26, 2018, Defendants filed a response in opposition to Plaintiff's Motion to Compel. (ECF No. 39.) Defendants first argue that Plaintiff's motion should be denied

because it is premature. (*Id.* at 2.) To their motion, Defendants attached the declaration of defense counsel Aseil Mohmoud, which states that Defendants did not receive service of Plaintiff's Interrogatories until March 1, 2019. (*Id.*; ECF No. 39-1 ¶ 2.) As such, Defendants argue that their responses to Plaintiff's Interrogatories are not due until April 3, 2019. (ECF No. 39 at 2.)

Defendants also argue that Plaintiff's motion is procedurally deficient because Plaintiff "failed to meet and confer or make any attempt to resolve this premature discovery dispute prior to filing this motion," as required by Federal Rule of Civil Procedure 37(a)(1). (*Id.*) Defendants request $340 in sanctions for the time spent responding to Plaintiff's motion. (*Id.* at 3.)

The Court agrees with Defendants and finds that Plaintiff's motion is premature. Under Federal Rule of Civil Procedure 33(b)(2), a responding party has 30 days after being served with interrogatories to serve its responses and any objections. Additionally, if service is made by mail, an additional three days are added to the response deadline. Fed. R. Civ. P. 6(d). The Proof of Service by Mail attached to Plaintiff's Interrogatories indicates that Plaintiff sent Defendants the Interrogatories on January 18, 2019, which would have made Defendants' responses due by February 20, 2019. However, Defendants have provided in a declaration under penalty of perjury that they did not receive the Interrogatories until March 1, 2019. (ECF No. 39-2 ¶ 2.) Defendants could not have responded to Plaintiff's Interrogatories before they received them. Therefore, the Court sets April 4, 2019, as the deadline for Defendants to respond to Plaintiff's Interrogatories. As this deadline had not yet passed at the time of filing, Plaintiff's Motion to Compel is premature.

As to Defendants argument that Plaintiff's motion is procedurally deficient because he did not comply with Rule 37(a)(1)'s meet and confer requirement, the Court is not unsympathetic to the difficulties that this requirement poses for an incarcerated litigant. Therefore, the Court will not fault Plaintiff for failing to meet and confer with Defendants prior to filing the instant motion. However, as Defendants highlight, Plaintiff did not

"make any attempt" to contact Defendants before filing his motion. (ECF No. 39 at 2.) In the future, the Court would accept either written correspondence or a telephonic conference with defense counsel in satisfaction of the meet and confer requirement. *See, e.g.*, *Madsen v. Risenhoover*, No. C 09–5457 SBA (PR), 2012 WL 2873836, at *3 (N.D. Cal. June 28, 2012) (finding that the meet and confer requirement applies to incarcerated individuals but noting that the incarcerated plaintiff may send a letter to the defendants). Accordingly, the Court will not entertain any additional motions to compel filed by Plaintiff absent certification that Plaintiff has at least attempted to meet and confer with Defendants. *See Rogers v. Giurbino*, 288 F.R.D. 469, 478 (S.D. Cal. 2012) (waiving the meet and confer requirement for a *pro se*, incarcerated plaintiff's motion to compel but cautioning the plaintiff against further failure to comply).

Finally, the Court declines to award Defendants sanctions for opposing Plaintiff's motion. Rule 37(a)(5)(B) states that if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Here, Defendants contend that "there is no justification for Plaintiff's filing of a motion to compel just days after serving the [Interrogatories] on Defendants, and an award of expenses is not unjust because Plaintiff gave Defendants no opportunity to respond." (ECF No. 39 at 3.) However, from the Proof of Service by Mail corresponding to Plaintiff's Interrogatories, it appears that Plaintiff sent his Interrogatories to Defendants on January 18, 2019, and constructively filed the instant motion on March 5, 2019. (ECF No. 38 at 1, 2.) From the briefing before the Court, it is unclear why Defendants did not receive the Interrogatories until March 1, 2019. Nevertheless, given that it appears Plaintiff mailed his Interrogatories on January 18, 2019, the Court finds that Plaintiff was not unreasonable in believing Defendants' responses were overdue.

Because the deadline for Defendants to respond to Plaintiff's Interrogatories had not yet passed at the time of filing, Plaintiff's Motion to Compel (ECF No. 38) is hereby **DENIED AS PREMATURE**. Additionally, the Court declines to award Defendants fees for opposing Plaintiff's motion.

**IT IS SO ORDERED.**

Dated: April 3, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge