# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT BROWN, et al., <br><br> Defendants. | Case No.: 18-cv-00548-WQH-JLB <br><br> **ORDER DENYING:** <br><br> **(1) PLAINTIFF'S MOTION TO COMPEL; AND** <br><br> **(2) PLAINTIFF'S MOTION FOR SANCTIONS** <br><br> **[ECF Nos. 67, 77]** |

Before the Court is Plaintiff Robert McCullock's Motion to Compel. (ECF No. 67.) Defendants oppose Plaintiff's motion. (ECF No. 73.) Also before the Court is Plaintiff's Motion for Sanctions. (ECF No. 77.) For the reasons set forth below, Plaintiff's motions are **DENIED**.

## I. BACKGROUND

Plaintiff is a *pro se* litigant currently incarcerated at the Richard J. Donovan Correctional Facility. On March 1, 2019, Plaintiff constructively filed a Motion to Compel, requesting that the Court compel Defendants to respond to his Second Set of Interrogatories. (ECF No. 38.) Defendants opposed Plaintiff's motion on the bases that it was premature, as their responses were not yet due. (ECF No. 39 at 2.) Defendants also

argued that Plaintiff had not met and conferred with defense counsel before filing his motion. (*Id.*)

On April 3, 2019, the Court denied Plaintiff's motion as premature and set April 4, 2019, as the deadline for Defendants to respond to Plaintiff's Second Set of Interrogatories. (ECF No. 41 at 2.) The Court advised Plaintiff that it would not entertain any additional motions to compel from him without certification that he had first attempted to meet and confer with defense counsel. (*Id.* at 3.)

Plaintiff now requests that the Court issue an order compelling Defendants "to respond in full, in compliance with Federal Rule of Civil Procedure 26, to Interrogatories." (ECF No. 67 at 1.) Plaintiff states that "to comply with the Court's direction in Doc. 41 . . . [he] sent written correspondence" to defense counsel on April 17, 2019. (*Id.*) Plaintiff contends that he had not received a response from defense counsel before he filed the instant motion. (*Id.*)

As ordered by the Court, Defendants responded to Plaintiff's motion on September 11, 2019. (ECF Nos. 72, 73.) Defendants oppose Plaintiff's motion and argue that: (1) Plaintiff's motion does not identify which interrogatories are in dispute; and (2) they have properly responded to Plaintiff's Second Set of Interrogatories. (ECF No. 73.)

## II.     <u>LEGAL STANDARD</u>

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 33 provides that a party may serve on any other party interrogatories that relate to any matter within the scope of discovery defined in Rule 26(b). Fed. R. Civ. P. 33(a)(2). If a party fails to answer an interrogatory, or if the response provided is evasive or incomplete, the propounding party may bring a motion to compel. Fed. R. Civ. P. 37(a).

"The party seeking to compel discovery has the burden of establishing that his request satisfies the relevancy requirements of Rule 26(b)(1)." *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995)). District courts have broad discretion

2

18-cv-00548-WQH-JLB

to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). "Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining[,] or supporting its objections." *Bryant*, 2009 WL 1390794, at *1 (citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

### III. DISCUSSION

**A. Motion to Compel**

In the instant Motion to Compel, Plaintiff asks that the Court compel Defendants to "respond in full" to unspecified "interrogatories." (ECF No. 67 at 1.) To his motion, Plaintiff attached a letter dated April 17, 2019, and addressed to defense counsel, wherein he states that the letter certifies that he "has at least attempted to meet and confer" before filing the instant motion, in compliance with the Court's April 3, 2019 Order. (*Id.* at 2.)

Defendants oppose Plaintiff's motion first on the bases that Plaintiff has not set forth which interrogatories are in dispute. (ECF No. 73 at 1–2.) To their opposition, Defendants attached a letter dated July 25, 2019, from defense counsel Jamie M. Ganson,[1] which asked Plaintiff to "identify which set of interrogatory responses are at issue" and "which responses [he] contends are deficient." (ECF No. 73-1 at 2, 14.) Defendants state that Plaintiff responded to the letter but "simply noted which interrogatories were in dispute, rather than clarifying or explaining any issues." (*Id.* at 2, 16.) Defendants further argue that with respect to Plaintiff's Second Set of Interrogatories, "they provided substantive answers to three of the interrogatories[] and a proper objection to the fourth." (*Id.* at 2.)

Plaintiff does not identify in his motion which interrogatories he seeks the Court to compel "full" responses to. As the moving party, Plaintiff "must inform the Court which discovery requests are the subject of his motion to compel." *Lemons v. Camarillo*, No. 14-cv-2814-DMS (DHB), 2017 WL 4700074, at *1 (S.D. Cal. Oct. 19, 2017) (citing *Glass v.*

---

[1] On August 6, 2019, John P. Walters replaced Ms. Ganson as defense counsel in this case. (ECF No. 68.)

3

*Beer*, No. 1:04-cv-05466-OWW-SMS PC, 2007 WL 913876, at *1 (E.D. Cal. Mar. 23, 2007)). However, because Plaintiff is a *pro se* litigant, and because he specifically references the Court's April 3, 2019 Order—which denied Plaintiff's first Motion to Compel as premature—in his instant motion, the Court construes the instant motion as a renewed motion in response to the Court's Order. (ECF Nos. 38, 41.) Accordingly, the Court addresses Defendants' responses to Plaintiff's Interrogatory Nos. 14–17, which were at issue in Plaintiff's previous Motion to Compel.

1. <u>Interrogatory Nos. 14, 15, and 17</u>

To their opposition, Defendants attached the declaration of Mr. John P. Walters, defense counsel, which states that Defendants served Plaintiff with responses to his Second Set of Interrogatories on April 3, 2019. (ECF No. 73-1 at 1.) Defendants provided answers[2] to Interrogatory Nos. 14, 15, and 17 as follows:

> **Interrogatory No. 14:**
> Identify by what method/procedure does RJDCF Track Volunteers 'VICs'?
>
> **Response to Interrogatory No. 14:**
> Since 2014, Richard J. Donovan Correctional Facility monitors entry and exit of the non-staff religious volunteers by requiring that they complete a security clearance, orientation, application, have a valid identification card issued by the State and either a brown card or a visitor's badge issued by the prison, and sign in and out upon their entry or exit from prison.
>
> **Interrogatory No. 15:**
> Identify the day out of the week that Buddhist Volunteers (VICs) came to RJDCF "D" yard from 02-02-2018 to date. (This would be less then [sic] 52 entries, at most[,] and easy access of any computer)
>
> **Response to Interrogatory No. 15:**
> From January 2018 to approximately June 18, 2018, Buddhist services were scheduled at Richard J. Donovan Correctional Facility on Tuesdays. Richard

---

[2] Defendants responded to these interrogatories notwithstanding their objections, which the Court has omitted from the responses.

4

>J. Donovan Correctional Facility has recently offered additional Buddhist services on Fridays as well.
>
>**Interrogatory No. 17:**
>Identify how many times each of the Catholic, Jewish, Muslim, and Protestants and also Kairos has a time/access to the Chapel in a week period Sunday thru Saturday[.]
>
>**Response to Interrogatory No. 17:**
>Inmates of each religion recognized by the Department were offered time to use the Chapel to hold religious services once or twice a week, absent circumstances that cannot be controlled, such as emergency situations or safety threats.

(*Id.* at 5–7.)

In his motion, Plaintiff does not explain how Defendants' answers to these interrogatories are insufficient. Plaintiff merely states that he wishes the Court to compel Defendants to "respond in full" without identifying what additional information he seeks. (ECF No. 67 at 1.) As to Interrogatory No. 14, the Court finds that Defendants have fully responded to the interrogatory propounded by Plaintiff. With respect to Interrogatory Nos. 15 and 17, to the extent Plaintiff is requesting further specification, Defendants state that they were "hereby supplementing" their answers to these interrogatories with "a copy of the Weekly Report of Chapel Service for the relevant time." (ECF No. 73 at 4–6.) In light of Defendants' representation that they have supplemented their responses to Interrogatory Nos. 15 and 17, the Court finds that it need not compel any further responses from Defendants. Accordingly, Plaintiff's Motion to Compel with respect to Interrogatory Nos. 14, 15, at 17 is **DENIED**.

2. <u>Interrogatory No. 16</u>

Defendants responded to Interrogatory No. 16 as follows:

**Interrogatory No. 16:**
Identify the reasoning in not using clearly defined DOMs 31060.6.1.

///

///

5

**Response to Interrogatory No. 16:**
Objection. This interrogatory is overbroad as to time and scope and vague and ambiguous as to what is intended by "not using." Further, as phrased, this interrogatory is unintelligible as it provides no context for what about this Department of Operations Manual Section Defendants are specifically being asked to respond to. For these reasons, as it stands, Defendants are unable to respond to this request. Should Plaintiff timely amend this request, Defendants will supplement this response.

(ECF No. 73-1 at 5–6.)

As the moving party, Plaintiff bears the burden of first establishing that his interrogatory is relevant to his claims. *Bryant*, 2009 WL 1390794, at *1; *see also Lemons*, 2017 WL 4700074, at *1 ("In general, . . . for each disputed response, [a party] must inform the Court why the information sought is relevant and why Defendants' objections are not justified." (citing *Glass*, 2007 WL 913876, at *1)); *Torres v. Arellano*, No. 1:15-cv-00575 DAD DLB PC, 2016 WL 3125699, at *1 (E.D. Cal. June 2, 2016) ("Plaintiff must identify which discovery requests are at issue and why he is entitled to the relief he seeks (e.g., why the information is relevant and why the objections lack merit)."). Here, Plaintiff does not explain how Interrogatory No. 16 is relevant to his claims and therefore, he has not met his initial burden. Moreover, the Court agrees with Defendants that this interrogatory is "overbroad as to time and scope and vague and ambiguous as to what is intended by 'not using.'" (ECF No. 73-1 at 6.)

Additionally, Defendants provided Plaintiff with notice that if he clarified this interrogatory, they would supplement their response accordingly. (*Id.*) Plaintiff had specific opportunities to clarify this interrogatory in his response to defense counsel's July 25, 2019 letter (*id.* at 14) and during the telephone call with defense counsel on August 1, 2019 (*id.* at 2). Yet, Plaintiff failed to do so. Accordingly, Defendants' objections are sustained, and Plaintiff's Motion to Compel with respect to Interrogatory No. 16 is **DENIED**.

///

///

### B. Motion for Sanctions

Also before the Court is Plaintiff's Motion for Sanctions pursuant to Federal Rule of Civil Procedure 37. (ECF No. 77.) Plaintiff seems to argue that the Court ordered Defendants to respond to his interrogatories, and as of September 18, 2019, he had not received responses to Interrogatory Nos. 1–2 and 11–17. (*Id.* at 1.) Plaintiff states that "once again" he submits as exhibits his First Set of Interrogatories, Nos. 1–13, and his Second Set of Interrogatories, Nos. 14–17. (*Id.* at 2.) Plaintiff requests sanctions for Defendants' "failure to disclose." (*Id.*)

As an initial matter, Plaintiff has misunderstood the Court's August 30, 2019 Order. In that Order, the Court directed Defendants to respond to Plaintiff's Motion to Compel (ECF No. 67), not to any of Plaintiff's discovery requests. (ECF No. 72 at 2.) Accordingly, to the extent Plaintiff requests sanctions for Defendants' failure to comply with a court order under Federal Rule of Civil Procedure 37(b), his request is **DENIED**.

Plaintiff also requests sanctions because he contends that he has not received satisfactory responses to Interrogatory Nos. 1–2 and 11–13 in his First Set of Interrogatories, and Interrogatory Nos. 14–17 in his Second Set of Interrogatories. (ECF No. 77 at 1.) As explained above, Defendants responded to Plaintiff's Second Set of Interrogatories on April 3, 2019, and Plaintiff failed to articulate in his Motion to Compel how Defendants' responses are insufficient. Because the Court has denied Plaintiff's Motion to Compel, Plaintiff is not entitled to sanctions under Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(a)(5). Accordingly, Plaintiff's request for sanctions as to his Second Set of Interrogatories is **DENIED**.

With respect to his First Set of Interrogatories—which the Court notes are undated—this is the first time Plaintiff has brought a dispute concerning these interrogatories before the Court. Plaintiff states that he "once again" submits his First Set of Interrogatories as an exhibit (ECF No. 77 at 2), but Plaintiff has never moved to compel responses to these interrogatories, let alone included them in any motion before the Court. Further, discovery in this case closed on May 22, 2019 (ECF No. 30 ¶ 15), and Plaintiff has not provided the

Court with any explanation as to why he did not move to compel further responses in a timely fashion. Accordingly, Plaintiff's request for sanctions as to his First Set of Interrogatories is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 67) and Plaintiff's Motion for Sanctions (ECF No. 77) are **DENIED**. As discovery in this case closed on May 22, 2019, the Court will not entertain any further motions to compel filed by Plaintiff.

**IT IS SO ORDERED.**

Dated: October 8, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge