UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT MCCULLOCK,<br><br>                          Plaintiff,<br><br>v.<br><br>ROBERT BROWN, et al.,<br><br>                         Defendants. | Case No.: 18-cv-548-WQH-JLB<br><br>**ORDER** |

HAYES, Judge:

    The matters before the Court are 1) the Motion for Summary Judgment filed by Defendants Robert Brown, Fabrice Hadjadj, J. Davies, and P. Covello (ECF No. 58); and 2) the Report and Recommendation issued by the Magistrate Judge (ECF No. 85).

## I. BACKGROUND

    Plaintiff Robert McCullock is a prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJDCF") and proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

    On June 12, 2017, RJDCF inmate Andrew Cejas filed a prison grievance on behalf of himself and six other inmates, including Plaintiff (the "Group Appeal"). (Ex. B, Declaration of T. Ramos in Support of Defendants' Motion for Summary Judgment ("Ramos Decl."), ECF No. 58-2 at 12, 16). In the Group Appeal, RJD-D-17-3023, the

inmates alleged that Defendant Robert Brown violated the First Amendment of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") by failing to provide "a chaplain for supervision of [w]eekly Buddhist services in the chapel" and failing to provide an "alternative indoor area" for services if a chaplain or volunteer supervisor is not available. (*Id.* at 14, 16). The inmates requested that RJDCF provide chapel access or an alternative indoor area for weekly Buddhist services and that RJDCF provide supervision for the services, including a "prisoner minister" if a chaplain or Buddhist volunteer is unavailable. (*Id.* at 16). The Group Appeal was accepted at the first level of review and granted on July 21, 2017. (*Id.* at 17). The RJDCF Appeals Office determined that in "[a] review of the last seven scheduled [Buddhist] services, the Buddhist inmates met twice." (*Id.*). The RJDCF Appeals Office stated that Buddhist volunteers "have now been directed, to communicate directly to R. Brown, CRM and Chaplain F. Hadjadj when they cannot attend, and Chaplain F. Hadjadj will be required to provide coverage . . . ." (*Id.*).

On July 25, 2017, the inmates submitted the Group Appeal for the second level of review, stating that they were "dissatisfied with [f]irst level response . . . ." (*Id.* at 13). The Group Appeal was accepted at the second level of review and granted on August 24, 2017. (*Id.* at 13, 20). On August 31, 2017, the inmates submitted the Group Appeal for the third level of review, stating that they were "dissatisfied with the second level response." (*Id.* at 13). On October 17, 2017, the California Department of Corrections and Rehabilitation ("CDCR") Office of Appeals rejected the Group Appeal and notified the inmates that "[y]our appeal was granted at the institutional level. There is no unresolved issue to be reviewed at the Third Level of review." (*Id.* at 11, 13). The CDCR Office of Appeals stated:

> Be advised that you cannot appeal a rejected appeal, but you should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(*Id.* at 11). The inmates did not take any further administrative action on the Group Appeal.

On February 2, 2018, Plaintiff filed an individual prison grievance, Appeal RJD-D-18-00579, complaining about the lack of weekly Buddhist religious services. (Ex. C, Ramos Decl., ECF No. 58-2 at 28, 30). Plaintiff's grievance was accepted at the first level of review and partially granted on March 6, 2018. (*Id.* at 30, 34-35). On March 14, 2018, Plaintiff submitted Appeal RJD-D-18-00579 for the second level of review. (*Id.* at 31). Plaintiff's Appeal was accepted at the second level of review and denied on April 24, 2018. (*Id.* at 31, 36-37). On May 5, 2018, Plaintiff submitted Appeal RJD-D-18-00579 for the third level of review. (*Id.* at 31). Plaintiff's Appeal was accepted at the third level of review and denied on August 8, 2018. (*Id.* at 28, 31). The CDCR Office of Appeals notified Plaintiff that "[t]his decision exhausts the administrative remedy available to the appellant within CDCR." (*Id.* at 29).

Plaintiff filed an Amended Complaint in this Court against Defendants Robert Brown, Fabrice Hadjadj, J. Davies, and P. Covello on April 28, 2018, seven days before Plaintiff submitted Appeal RJD-D-18-00579 for the third level of review.[1] (ECF No. 4). Plaintiff brings claims against Defendants under 42 U.S.C. § 1983 violations of the First and Fourteenth Amendments of the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff alleges that Defendants violated Plaintiff's federal and constitutional rights by failing to provide weekly chapel access for Buddhist services, failing to provide supervision for weekly Buddhist services, and failing to provide food at state expense for bi-annual Buddhist holidays. Plaintiff seeks declaratory relief, injunctive relief, and damages, including punitive damages.[2]

---

[1] Plaintiff attempted to file the original Complaint on March 15, 2018. (ECF No. 1). The Court rejected the document for non-compliance with the Local Rules. (ECF No. 2).

[2] Plaintiff further alleges class claims on behalf of a class of similarly situated Buddhist prisoners at RJDCF who were denied access to weekly Buddhist services.

3

On September 18, 2018, Defendants filed an Answer to Plaintiff's Amended Complaint. (ECF No. 24). On June 26, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 58). Defendants move for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies and failed to establish a triable issue of fact as to his First Amendment, Fourteenth Amendment, and RLUIPA claims. Defendants further move for summary judgment on the grounds that Plaintiff's claims based on actions that occurred prior to 2014 are time-barred, Defendants are entitled to qualified immunity, and Plaintiff lacks standing to assert class claims. On July 15, 2019, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment. (ECF No. 64).

On January 28, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the Court grant Defendants' Motion for Summary Judgment. (ECF No. 85). The Report and Recommendation concluded that Plaintiff failed to exhaust his administrative remedies prior to filing the Complaint. The Report and Recommendation stated:

> . . . [T]he [Prison Litigation Reform Act] requires that a state prisoner exhaust all administrative remedies before proceeding to federal court. 42 U.S.C. § 1997e(a). In California, the exhaustion process is complete when a decision is issued at the third level of review. Cal. Code Regs. tit. 15, § 3084.1(b); *Harvey v. Jordan*, 605 F.3d 681, 683 (9th Cir. 2010) . . . . The undisputed evidence before the Court shows that Plaintiff did not submit his [individual] grievance to the third level of review until May 5, 2018, and [the Office of Appeals] did not issue a final decision on Appeal RJD-[D-]18-00579 until August 8, 2019. Because Plaintiff had only submitted Appeal RJD-18-[D-]00579 to the second level of review at the time he filed the Amended Complaint on April 28, 2018, Plaintiff failed to exhaust this appeal prior to filing this action.
>
> . . .
> The undisputed evidence before the Court demonstrates that Plaintiff did not receive a third level decision on the Group Appeal's merits; rather, the appeal was rejected. Defendants have therefore met their burden to show that the [Group Appeal] does not exhaust Plaintiff's administrative remedies. *See* Cal. Code Regs. tit. 15, § 3084.6(a)(1); *Bradley v. Villa*, No. 1:10-cv-01618 LJO GSA PC, 2015 WL 3540673, at *4 (E.D. Cal. June 3, 2015) ("A cancellation or rejection at the third level does not exhaust an inmate['s] administrative

> remedies because it is not a decision on the merits of the claim.") . . . . Moreover, Plaintiff makes no argument that he was satisfied with the relief granted at the first and second levels of review. On the contrary, the record shows that the movant on the Group Appeal, Cejas, was *not* satisfied with the relief at the first and second levels of review . . . . Accordingly, the Group Appeal cannot exhaust any of Plaintiff's claims.

(ECF No. 85 at 10-11, 14-16). The Report and Recommendation further concluded that Plaintiff failed to exhaust his administrative remedies for all claims against Defendants Hadjadj, Davies, and Covello and for Plaintiff's RLUIPA claim for failure to provide bi-annual Buddhist holiday foods. The Report and Recommendation concluded that Defendant Brown is entitled to summary judgment on the merits of Plaintiff's claims and is entitled to qualified immunity.

On February 12, 2020, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 86). Plaintiff objects to the Report and Recommendation's conclusion that Plaintiff failed to exhaust his administrative remedies with Group Appeal RJD-D-17-3023. Defendants did not file any response.

## II. LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

///

## III. DISCUSSION

The Report and Recommendation concluded that Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, that Defendant Brown is entitled to summary judgment on the merits of Plaintiff's claims, and that Defendant Brown is entitled to qualified immunity.

### a. Exhaustion of Group Appeal RJD-D-17-3023

Plaintiff objects to the Report and Recommendation's conclusion that Plaintiff failed to exhaust his administrative remedies with Group Appeal RJD-D-17-3023. Plaintiff contends that the Group Appeal "is clearly exhausted" because it was granted at the first two levels of review. (ECF No. 86 at 5). Plaintiff contends that the Group Appeal "was not cancelled or rejected." (*Id.*). Construing Plaintiff's Objections liberally, Plaintiff further contends that CDCR's administrative process was so confusing that exhaustion was "effectively unavailable."[3] (*Id.* at 4).

42 U.S.C. § 1997e provides in relevant part, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). For inmates of the CDCR, "all appeals are subject to a third level of review . . . before administrative remedies are deemed exhausted." Cal. Code Regs. tit. 15, § 3084.1(b). However, "[a]n inmate has no obligation to appeal from a grant of relief, or a partial grant that satisfies him, in order to exhaust his administrative remedies." *Harvey*, 605 F.3d at 685. In addition, an inmate need not exhaust "unavailable" remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016).

---

[3] Plaintiff also appears to contend that Defendants told Plaintiff that the Group Appeal was fully exhausted. (*See* ECF No. 86 at 5 ("Defendant states, on page 76, lines 24-25 of Deposition of Plaintiff, May 15, 2019, (attached) "Now, I found one appeal that was exhausted - - -.")). At Plaintiff's May 15, 2019, Deposition, the attorney for Defendants stated, "Q: Now, I found one appeal that was exhausted - - well, that went through all three levels, and it's—." (ECF No. 58-1 at 54:24-25). The Court cannot determine the context of this statement because the full deposition transcript is not part of the record. Plaintiff's contention is without merit.

> [A]n administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it . . . . When rules are so confusing that . . . no reasonable prisoner can use them, then they're no longer available . . . . Accordingly, exhaustion is not required.

*Id.* at 1859-60 (internal quotations and citations omitted). "[A] cancellation or rejection decision does not exhaust administrative remedies." 15 Cal. Code Regs. tit. 15, § 3084.1(b).

In this case, the RJDCF Appeals Office granted the Group Appeal at the first two levels of review. The record reflects that the inmates that submitted the Group Appeal were not satisfied with the decisions at the first two levels of review. (*See* Ex. B, Ramos Decl., ECF No. 58-2 at 13 (second level appeal stating that the inmates were "dissatisfied with [f]irst level response" and third level appeal stating that the inmates were "dissatisfied with the second level response")). The granting of the Group Appeal at the first and second levels did not exhaust Plaintiff's administrative remedies.

The CDCR Office of Appeals rejected the Group Appeal at the third level of review. (*See* Ex. B, Ramos Decl., ECF No. 58-2 at 13). The CDCR Office of Appeals notified the inmates that "[t]here is no unresolved issue to be reviewed at the Third Level of review." (*Id.* at 11). The CDCR Office of Appeals advised the inmates that "you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b)." (*Id.*; *see* 15 Cal. Code Regs. tit. 15, § 3084.1(h)(2) ("The inmate or parolee submitting the [group] appeal shall be responsible for sharing the appeal response with the inmates or parolees who signed the appeal attachment.")). The CDCR Office of Appeals provided "clear and sufficient instructions regarding further actions the inmate or parolee must take to qualify the appeal for processing." 15 Cal. Code Regs. tit. 15, § 3084.6(a)(1). Although the CDCR Office of Appeals provided instructions for how to proceed with a rejected appeal and with a cancelled appeal, both processes required further action by the inmates. In addition, the Inmate Appeal Form made clear that the Group Appeal was "[r]ejected" at the third level. (Ex. B, Ramos Decl., ECF No. 58-2 at 13). Plaintiff has not demonstrated that the CDCR's

administrative process is so "unknowable . . . that no ordinary prisoner can make sense of what it demands." *Ross*, 136 S. Ct. at 1859 (quotation omitted); *see also Ross*, 136 S. Ct. at 1859 ("When an administrative process is susceptible of multiple interpretations . . . the inmate should err on the side of exhaustion."). The Court concludes that the Report and Recommendation correctly determined that Plaintiff did not exhaust his administrative remedies with the Group Appeal.

No party has objected to the Report and Recommendation's conclusion that Plaintiff failed to exhaust his administrative remedies on all claims against Defendants Hadjadj, Davies, and Covello and on his RLUIPA claim for bi-annual holiday foods. The Court concludes that the Report and Recommendation correctly determined that Plaintiff failed to exhaust his claims against Defendants Hadjadj, Davies, and Covello and failed to exhaust his RLUIPA claim for bi-annual holiday foods.

The Court adopts the portion of the Report and Recommendation related to the Group Appeal.

### b. Exhaustion of Appeal RJD-D-18-00579

No party has objected to the Report and Recommendation's conclusion that Plaintiff failed to exhaust his administrative remedies with Appeal RJD-D-00579. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (holding that a prisoner must exhaust his administrative remedies before filing the complaint, and a prisoner does not comply with the mandatory exhaustion requirement by exhausting available administrative remedies during the court of the litigation). The Court adopts the portion of the Report and Recommendation related to Plaintiff's exhaustion of Appeal RJD-D-18-00579.

### c. Merits and Qualified Immunity

Plaintiff does not object to any conclusion of the Report and Recommendation related to the merits of Plaintiff's claims. However, Plaintiff contends generally that his claims have merit. The Court has conducted a *de novo* review of the Report and Recommendation and the entire file, including Plaintiff's Objections. The Court concludes that the Report and Recommendation correctly determined that summary judgment in

Defendant Brown's favor is appropriate on the merits of Plaintiff's claims and that Defendant Brown is entitled to qualified immunity. The Court adopts the remainder of the Report and Recommendation.

**IV. CONCLUSION**

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 85) is adopted in full.

IT IS FURTHER ORDERED that Plaintiff's Objections to the Report and Recommendation (ECF No. 23) are overruled.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (ECF No. 58) is granted. The Clerk shall enter judgment in favor of Defendants and against Plaintiff.

Dated: March 2, 2020

*William Q. Hayes* (signature)
Hon. William Q. Hayes
United States District Court